■ SAMUEL FRUCHTER, Respondent, v. LAYTIN'S FOR INTERIORS, INC., et al., Appellants. In the Matter of the Arbitration between SAMUEL FRUCHTER, Respondent, and LAYTIN'S FOR INTERIORS, INC., et al., Appellants. — In special proceedings (1) to inspect certain corporate records; (2) to stay arbitration; and (3) to punish the corporation and one of its officers for contempt, the latter appeal from a judgment of the Supreme Court, Westchester County, entered July 14, 1965 and from two orders of said court, both entered August 24, 1965. The judgment directed appellants to submit the corporate appellant's books, records, papers and documents for inspection and copying by petitioner and his accountants and attorneys beginning on July 26, 1965. One of the orders granted petitioner's application to stay arbitration which had been sought by appellants. The other order adjudged the individual appellant in contempt of court for having disobeyed the direction in the judgment, and fined him $250, with leave to purge himself of the contempt by (1) paying the fine within a prescribed time; and (2) complying with the judgment beginning on September 2, 1965. Judgment and order staying arbitration affirmed. No opinion. Order adjudging the individual appellant in contempt of court and imposing a fine modified: (1) by striking out of the fourth ordering paragraph thereof all the matter between the words " Ordered, Adjudged and Decreed, that " and the words " by complying with the provisions and requirements " of the judgment; (2) by providing in lieu thereof that " the respondent Bernard Laytin may purge himself of the contempt and the obligation to pay said fine "; (3) by inserting immediately before the words " and it is further " the following: " and, in the event that said respondent shall not have thus purged himself of said contempt and fine, he shall pay the fine to Stephen S. Saltz, Esq., petitioner's attorney, forthwith "; and (4) by inserting in the fifth ordering paragraph, immediately after the word " contempt ", the words " and of the fine." As so modified, said order is affirmed. The time for appellants to comply with the provisions of the judgment and for appellant Bernard Laytin to purge himself of contempt and of the fine is further extended to such time as the parties may mutually agree by stipulation or as may be set forth in a written notice which the petitioner may cause to be served upon appellants' attorney, which time shall be not earlier than five days after service of such notice. Respondent Fruchter is granted a single bill of $10 costs and disbursements on all the appeals. In our opinion, it was improvident for the Special Term not to provide that the purging provision, effective upon

compliance with the terms of the judgment, was to apply to the fine as well as to the contempt. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.